UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

        Plaintiff,

Case No. 1:11-cv-233

Hon. Robert J. Jonker

v.

GRAND VALLEY STATE UNIVERSITY,
*et al.*,

        Defendants.

_____/

**ORDER**

This matter is now before the court on plaintiff's "Motion for sanction for violation of Rule 11(b)" (docket no. 60). Plaintiff's motion is difficult to decipher. However, the gist of motion appears to be a request for sanctions against defendants and their counsel for violating Fed. R. Civ. P. 11(b), when defendants' counsel signed the April 21, 2011 opposition to plaintiff's application for entry of default. *See* Opposition (docket no. 14). "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 applies primarily to pleadings and papers filed in the court and "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510, 517 (6th Cir. 2002). *See* Fed. R. Civ. P. 11(b)(1)-(4). To succeed on a motion for sanctions under the rule, the movant must show that the offending party engaged in "objectively unreasonable conduct." *Id.*

Before a party seeks sanctions under Rule 11, he must give the offending party an opportunity to correct the alleged violation. This procedure, sometimes referred to as the "safe harbor filing requirement,"[1] is set forth in Rule 11(c)(2), which provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." If the court determines that Rule 11(b) has been violated, the it may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Rule 11(c)(1).

Here, plaintiff's motion for Rule 11 sanctions is not properly before the court. Plaintiff has failed to demonstrate that he served the "safe harbor" letter on defendants 21 days prior to filing the motion for sanctions. *See First Bank of Marietta*, 307 F.3d at 511 ("Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter"); *In re Trade Partners Inc. Investor Litigation*, No. 1:07-md-1846, 2009 WL 1788608 (W.D. Mich. June 17, 2009) (denying motions for sanctions where the movants failed to comply with Rule 11's "safe harbor" filing requirements). Accordingly, plaintiff's motion for Rule 11 sanctions (docket no. 60) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 17, 2012  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

---

[1] *See First Bank of Marietta*, 307 F.3d at 510.