UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

        Plaintiff,

CASE NO. 1:11-CV-233

v.

HON. ROBERT J. JONKER

GRAND VALLEY STATE UNIVERSITY,
*et al.*,

        Defendants.
_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 179), Plaintiff's Objections to the Report and Recommendation (docket # 183), and Defendants' Response in Opposition to Plaintiff's Objections (docket # 188). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections; and Defendants' response. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In this case, Plaintiff alleges that defendants discriminated against him in violation of 42 U.S.C. § 2000d (Title VI) and 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Brenneman recommends that the Court grant Defendants' motion to dismiss. Plaintiff objects broadly, repeating his allegations, reiterating arguments, and generally asserting that the Magistrate Judge reached the wrong conclusions. Plaintiff does not raise specific objections to the Report and Recommendation, or challenge in any specific way the analysis of the Report and Recommendation. The failure to lodge specific objections is sufficient basis, standing alone, for this Court to adopt the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, in this case the Magistrate Judge's analysis accurately states and applies the law.

The Magistrate Judge properly found that as to Plaintiff's claim under § 1983, defendants Grand Valley State University ("GVSU"); GVSU College of Education; and GVSU College of Community and Public Service (collectively, the "GVSU defendants") are immune from suit under the Eleventh Amendment, which applies to such state institutions except where the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See*

*Pennhurst State Sch. & Hosp. v. Halederman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Missouri v. Fiske*, 290 U.S. 18, 27 (1933).  To the extent Plaintiff asserts claims under § 1983 against the GVSU defendants, those claims must be dismissed.  Similarly, the Magistrate Judge properly found that the individual defendants in the case do not meet the definition of a "program" under 42 U.S.C. § 2000d-4a(2)(A) and therefore are not proper defendants in a Title VI claim.  *See Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 95 F.Supp.2d 723, 741 (N.D. Ohio 2000); *Buchanan v. City of Bolivar, Tennessee*, 99 F.3d 1352, 1356 (6th Cir. 199).  To the extent Plaintiff asserts claims under Title VI against the individual defendants, those claims must be dismissed.  Nothing in Plaintiff's objections changes these fundamental determinations.

The remaining claims, then, are Plaintiff's claim under § 1983 that the individual defendants violated his rights under the Equal Protection clause by (1) refusing to change his grades and (2) denying him readmission to GVSU's College of Education; and Plaintiff's claim under Title VI that the GVSU defendants discriminated against him on the basis of race, color, or national origin by (1) refusing to change his grades and (2) denying him readmission to GVSU's College of Education.

A.    *Individual Defendants (§ 1983)*

"Damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)(citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). The Court must "analyze separately whether [Plaintiff] has stated a plausible constitutional

violation by each individual defendant, and . . . cannot ascribe the acts of all [i]ndividual [d]efendants to each individual defendant." *Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 564 (6th Cir. 2011). As to Defendants Thomas Haas, George Grant, and Lois Smith Owens, Plaintiff alleges no particular conduct linked in any way to the alleged constitutional violation. For this reason, in addition to the reasons the Magistrate Judge describes, Defendants Haas, Grant, and Owens must be dismissed.

As to Defendant Olivia A. Williams, Plaintiff alleges that she gave him grades lower than he deserved. As to Defendant Paula Lancaster, Plaintiff alleges that she mismanaged the independent evaluation of his grades and gave him lower final grades than he deserved. As to Defendant Elaine Collins, Plaintiff alleges that she improperly denied his request for re-admission to the GVSU College of Education. Plaintiff claims that Defendants Williams, Lancaster, and Collins each took these actions because Plaintiff is Korean and not gay, and that these actions violated his rights under the Equal Protection clause. As the Magistrate Judge correctly noted, the pleadings (which include voluminous exhibits) do not support an Equal Protection claim. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)(internal quotations omitted). The pleadings do not reflect allegations that the individuals treated the plaintiff disparately compared to other similarly situated persons. As the Magistrate Judge pointed out, Plaintiff alleges no facts connecting his status as a Korean who is not gay to the grades he received or his being denied re-admission. None of the extensive exhibits to his pleadings support an inference that his

4

status as a Korean who is not gay had anything to do with the grades he received or his being denied re-admission. In the absence of more than conclusory allegations of disparate treatment, Plaintiff has failed to state an Equal Protection claim under § 1983 that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

B.     *GVSU Defendants (Title VI)*

To state a claim under Title VI, a plaintiff must show a discriminatory act and causation. *See* 42 U.S.C. § 2000(d). Like his § 1983 claim, Plaintiff's Title VI claim relies entirely on conclusory allegations to establish discriminatory animus. Plaintiff repeatedly conflates correlation with causation. Throughout his complaint and his objections, he points to Defendants' conduct, then points to the fact that he is Korean, and concludes that the conduct must have been discriminatory. This is simply not enough to allege causation. *See Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d at 379; *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F.App'x 935, 938 (11th Cir. 2011)(finding no plausible inference of racial discrimination where plaintiff "alleged only that she was black, she was pre-qualified for a loan, the terms of the loan changed through the application process, and she ultimately rejected the loan after her lawyer told her the terms were improper."). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)(internal quotations omitted)).

For these reasons, as well as the reasons the Report and Recommendation details, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim and that dismissal is appropriate.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 179) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (docket # 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.


Dated:   March 27, 2012             /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE